UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHANSE T. STARR,

    Plaintiff,

    v.                                     CAUSE NO. 1:19-CV-59-WCL-SLC

ALLEN COUNTY COMMISSIONERS,
et al.,

    Defendants.

OPINION AND ORDER

Chanse T. Starr, a prisoner without a lawyer, filed a complaint (ECF 1) against the Allen County Commissioners, Allen County Jail, Sheriff Gladeiux, Deputy Sheriff Cpt. Cook, Unknown Allen County Jail Staff, and Allen County Jail Medical Staff alleging he received inadequate medical treatment while housed at the Allen County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Starr alleges that he suffers from seizures, and despite knowledge of his condition, he was assigned to sleep in a top bunk. ECF 1 at 2. On February 14, 2018, in the middle of the night, he had a seizure and fell out of the top bunk and injured his left eye. *Id*. He states his roommate pushed the intercom for help and banged on the cell door. *Id*. at 1-2. However, Allen County Jail staff refused to respond. *Id*. at 2. The next day, on February 15, 2018, he reported the incident to Allen County Jail staff working in unit 6-A, but nothing was done. *Id*. at 2. On February 16, 2018, Allen County Sheriff Officer Lamb escorted Starr to the medical station to be treated. *Id*. A nurse told Officer Lamb that Starr should be placed on the bottom bunk or floor. *Id*. Given these events, Starr alleges the Allen County Jail staff acted with deliberate indifference because they failed to provide proper medical treatment in a timely manner and failed to provide measures to prevent this type of injury by forcing him to sleep on the top bunk four and one-half feet off the ground. *Id*.

While Starr's allegations are concerning, Starr has not stated a claim against any of the defendants that he has named in this lawsuit. Starr has sued the Allen County Commissioners, but he has not alleged that the Board of Commissioners took any action to prevent him from receiving medical treatment. The Allen County Commissioners are not liable merely because they supervise other defendants. Respondeat superior is not available under the circumstances alleged in the complaint. *See Davis v. Povaleri*, 2015 WL 2125081, *1 (S.D. Ind. 2015).

Likewise, Starr has sued the Allen County Jail, but the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

As to Sheriff Gladeiux and Deputy Sheriff Cpt. Cook, it is not clear how they personally prevented Starr from being treated for his injuries. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). If these individuals were not personally involved in violating Starr's right to medical care, then he cannot state a claim for monetary damages against them.

Furthermore, Starr's complaint includes unnamed defendants—Unknown Allen County Jail Staff and Allen County Jail Medical Staff—he claims are responsible for failing to provide him with appropriate medical care. However, as a practical matter Starr's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, he cannot proceed against either the Unknown Allen County Jail Staff or the Allen County Jail Medical Staff.

While the complaint does not state a claim, Starr will be afforded an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Chanse T. Starr;

(2) GRANTS Chanse T. Starr until **June 28, 2019**, to file an amended complaint on that form; and

(3) CAUTIONS Chanse T. Starr that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 31, 2019.

s/William C. Lee  
JUDGE WILLLIAM C. LEE  
UNITED STATES DISTRICT COURT